UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTHA M. LUSKER,

    Plaintiff,

v.                            CASE NO. 8:09-CV-2193-T-17TBM

The Secretary of the
United States Department
of Health and Human
Services,

    Defendant.

_____/


ORDER

    This cause is before the Court on:

    Dkt. 4    Motion to Dismiss for Lack of Subject
              Matter Jurisdiction

    This case was removed from the Hillsborough County Circuit Court on October 27, 2009, wherein Plaintiff Martha M. Lusker filed Plaintiff's Petition for Equitable Distribution of Personal Injury Settlement on August 28, 2009, naming Centers for Medicare and Medicaid Services as Respondents. Defendant has substituted the Secretary of the United States Department of Health and Human Services as the real party in interest, as this case involves the administration of the Medicare program. The basis of jurisdiction is 28 U.S.C. Sec. 1331, federal question, and 28 U.S.C. Sec. 1346(b), United States as defendant.

    In the Complaint, Plaintiff Martha M. Lusker alleges that Medicare provided medical services to her in the amount of

Case No. 8:09-CV-2193-T-17TBM

$7,787.38 following an accident which took place on October 21, 2007, for which Medicare is a lien holder. Title 42 U.S.C. Sec. 1395y(b)(2)(B) authorizes Medicare to pay for a beneficiary's medical care where the responsible party is not expected to pay "promptly," subject to reimbursement to the appropriate Medicare Trust Fund when notice is received that payment for the needed medical services has been or could be made under a primary plan as defined by the statute. See 42 U.S.C. Sec. 1395y(b)(2)(ii); 42 C.F.R. Sec. 411.24(h)("[i]f [a] beneficiary or other party receives a third party payment, the beneficiary or other party must reimburse Medicare within 60 days.").

Plaintiff has agreed to accept, or has accepted, a settlement offer of $20,000 from the tortfeasor, and alleges that $6,800.00 is due to her counsel for attorney's fees, and $524.00 is owed for costs.

Defendant moves to dismiss this case because sovereign immunity bars Plaintiff's petition. Defendant further moves to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

Defendant moves to dismiss for lack of subject matter jurisdiction because Plaintiff Lusker has not presented a claim to the Secretary and satisfied the statutory prerequisites that would allow the Court to exercise subject matter jurisdiction pursuant to 42 U.S.C. Sec. 405(g). Title 42 U.S.C. Sec. 405(g) requires that a beneficiary exhaust her administrative appeals and receive a final decision from the Department of Health and Human Services prior to seeking judicial review in federal court. Title 42 U.S.C. Sec. 405(h) bars review of Plaintiff's claim

2

Case No. 8:09-CV-2193-T-17TBM

unless Plaintiff satisfies the requirements of 42 U.S.C. Sec. 405(g).  Section 405(g) provides the exclusive basis for review of Plaintiff's claims.  See Heckler v. Ringer, 466 U.S. 602 (1984); Cochran v. U.S. Health Care Financing Admin., 291 F.3d 775 (11th Cir. 2002).

The Court notes that Plaintiff Martha M. Lusker has not filed a response in opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.  After consideration, the Court grants Defendant's Motion to Dismiss for lack of subject matter jurisdiction.  Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **granted**.   The Complaint is dismissed without prejudice.  The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 7th day of January, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

Case No. 8:09-CV-2193-T-17TBM

Case No. 8:09-CV-2193-T-17TBM